UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TIMOTHY C. DURETTE,<br><br>                   Petitioner,<br><br>    v.<br><br>TEREMA CARLIN, Warden, Idaho<br>Correctional Institution at Orofino,<br><br>                   Respondent. | Case No. 3:21-cv-00369-CWD<br><br>**INITIAL REVIEW ORDER** |

Petitioner Timothy C. Durette has filed a Petition for Writ of Habeas Corpus challenging Petitioner's state court conviction. *See Pet*., Dkt. 3. The Court now reviews the Petition to determine whether it is subject to summary dismissal pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules").

REVIEW OF PETITION

1.      **Standard of Law for Review of Petition**

Federal habeas corpus relief under 28 U.S.C. § 2254 is available to petitioners who show that they are held in custody under a state court judgment and that such custody violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). The Court is required to review a habeas corpus petition upon receipt to determine whether it is subject to summary dismissal. Habeas Rule 4. Summary dismissal is appropriate where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id.*

## 2.    Discussion

In the First Judicial District Court in Boundary County, Idaho, Petitioner pleaded guilty to unlawful possession of a firearm. Petitioner was sentenced to a unified term of five years in prison with two years fixed. Petitioner pursued a direct appeal as well as state post-conviction relief. *Pet*. at 1–3.

In the instant Petition for Writ of Habeas Corpus, Petitioner brings four broad claims, with numerous sub-claims. In Claim 1, Petitioner alleges that the magistrate court abused its discretion and violated his rights under the Fifth, Sixth, and Fourteenth Amendments. Claim 1.1[1] asserts that the court improperly removed Petitioner from the courtroom, violating his right to be present and right to call and cross-examine witnesses. Claim 1.2 asserts a denial of due process based on an allegedly unfair preliminary hearing. In Claim 1.3, Petitioner alleges that the court improperly denied his motion for substitute counsel. Claim 1.4 asserts that the court forced Petitioner to proceed with ineffective counsel. *Id*. at 6. Because there are very few facts set forth in the Petition in support of Claim 1, the Court will construe this claim, including its sub-claims, as supported by whatever facts Petitioner relied on in state court.

Like Claim 1, Claim 2.A. also asserts violations of the Fifth, Sixth, and Fourteenth Amendments and abuse of discretion claims, this time by the state district court.[2] *Id*. at 7. Petitioner contends that the court improperly (1) failed to inquire into the breakdown of

---

[1] The Court uses the same numeric and alphanumeric identifiers as Petitioner does.

[2] Though Claim 2.A. also nominally cites the Fourth Amendment, that amendment does not appear to apply to the allegations in that claim.

INITIAL REVIEW ORDER - 2

communication between Petitioner and defense counsel, (2) forced Petitioner to proceed with ineffective counsel, and (3) denied Petitioner a new preliminary hearing. *Id*.

In Claim 2.B., Petitioner alleges that the state district court abused its discretion in denying Petitioner's petition for state post-conviction relief. *Id*.

Claim 3 asserts ineffective assistance of trial counsel on the following grounds: (1) failure to object to Petitioner's removal from the courtroom during his preliminary hearing; (2) failure to object to the preliminary hearing testimony of Petitioner's ex-wife as "unconstitutional hearsay"; and (3) failure to file a motion to suppress. *Id*. at 8.

In Claim 4, Petitioner asserts ineffective assistance of appellate counsel for failing to raise claims based on the following circumstances: (1) the magistrate court's removal of Petitioner from his preliminary hearing; (2) the magistrate court's denial of Petitioner's motion for substitute counsel in that hearing, forcing Petitioner "to use ineffective counsel"; (3) the district court's denial of Petitioner's request for new counsel, request for a new preliminary hearing, and request to file a motion to suppress; and (4) the district court's forcing Petitioner to proceed with ineffective counsel. *Id*. at 9.

Petitioner may proceed on the Petition to the extent that his claims (1) are cognizable—meaning they actually can be heard—in a federal habeas corpus action, (2) were timely filed in this Court, and (3) were either properly exhausted in state court or are subject to a legal excuse for any failure to exhaust in a proper manner. At this time, the Court expresses no opinion as to whether any of these issues applies to any of Petitioner's claims.

It is necessary for the Court to review portions of the state court record to resolve

preliminary procedural issues, and it would also be helpful to receive briefing from

Respondent. Therefore, the Court will order the Clerk to serve a copy of the Petition on

counsel for Respondent, who may respond either by answer or pre-answer motion and

who will provide relevant portions of the state court record to this Court.

**3.      Potentially Applicable Standards of Law**

Because Petitioner does not have a lawyer and because the Court finds that

focused briefing from the parties would be beneficial in this case, the Court provides the

following standards of law that might, or might not, be applicable to Petitioner's case.

### A.      *Potentially Non-Cognizable Claims*

The Court will not dismiss any claims at this early stage of the proceedings.

However, the Court notes that some of Petitioner's claims may be subject to dismissal at

a later date as non-cognizable—meaning that the claims cannot be heard—on federal

habeas corpus review.

As stated earlier, federal habeas corpus relief is available if the petitioner "is in

custody in violation of the Constitution or laws or treaties *of the United States*." 28

U.S.C. § 2254(a) (emphasis added). That is, only federal claims may be raised in habeas

corpus. "[F]ederal habeas corpus relief does not lie for errors of state law." *Lewis v.*

*Jeffers*, 497 U.S. 764, 780 (1990). Such claims include claims of error during state post-

conviction proceedings and claims that the state court abused its discretion. *Franzen v.*

*Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989) (per curiam); *Williams v. Borg*, 139 F.3d 737,

740 (9th Cir. 1998).

### B.      *Exhaustion and Procedural Default*

A habeas petitioner must exhaust his or her remedies in the state courts before a

federal court can grant relief on constitutional claims. *O'Sullivan v. Boerckel*, 526 U.S.

838, 842 (1999). To do so, the petitioner must invoke one complete round of the state's

established appellate review process, fairly presenting all constitutional claims to the state

courts so that they have a full and fair opportunity to correct alleged constitutional errors

at each level of appellate review. *Id.* at 845. In a state that has the possibility of

discretionary review in the highest appellate court, like Idaho, the petitioner must have

presented all of his federal claims at least in a petition seeking review before that court.

*Id.* at 847.

When a habeas petitioner has not fairly presented a constitutional claim to the

highest state court, and it is clear that the state court would now refuse to consider it

because of the state's procedural rules, the claim is said to be procedurally defaulted.

*Gray v. Netherland*, 518 U.S. 152, 161–62 (1996). Procedurally defaulted claims include

those within the following circumstances: (1) when a petitioner has completely failed to

raise a claim before the Idaho courts; (2) when a petitioner has raised a claim, but has

failed to fully and fairly present it as a *federal* claim to the Idaho courts; and (3) when the

Idaho courts have rejected a claim on an adequate and independent state procedural

ground. *Id.*; *Baldwin v. Reese*, 541 U.S. 27, 32 (2004); *Coleman v. Thompson*, 501 U.S.

722, 750 (1991).

If a claim is procedurally defaulted, a federal court can only consider the merits of

the claim if the petitioner meets one of two exceptions. The petitioner asserting a

procedurally defaulted claim must make either (1) a showing of adequate legal cause for

the default and prejudice arising from the default, or (2) a showing that a miscarriage of

justice will occur if the claim is not heard in federal court. *See Coleman*, 501 U.S. at 731;

*Schlup v. Delo*, 513 U.S. 298, 329 (1995); *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

To show "cause" for a procedural default, a petitioner must ordinarily demonstrate

that some objective factor external to the defense impeded his or his counsel's efforts to

comply with the state procedural rule at issue. *Carrier*, 477 U.S. at 488. To show

"prejudice," a petitioner generally bears "the burden of showing not merely that the errors

[in his proceeding] constituted a *possibility* of prejudice, but that they worked to his

*actual* and substantial disadvantage, infecting his entire [proceeding] with errors of

constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

Cause for the default may exist as a result of ineffective assistance of counsel

("IAC"). For example, the failure to object to a trial error, or a failure on appeal to raise a

meritorious claim of trial error, may render a claim procedurally defaulted. *See Edwards

v. Carpenter*, 529 U.S. 446, 452 (2000) ("[I]n certain circumstances counsel's

ineffectiveness in failing properly to preserve the claim for review in state court will

suffice."). However, for ineffective assistance of trial or direct appeal counsel to serve as

cause to excuse the default of a claim, that ineffective assistance claim must itself have

been separately presented to the state appellate courts. *Id.* at 451 ("[A]n ineffective-

assistance-of-counsel claim asserted as cause for the procedural default of another claim

can itself be procedurally defaulted.") If the ineffective assistance asserted as cause was

not fairly presented to the state courts, a petitioner must show that an excuse for that separate default exists, as well.

A petitioner does not have a federal constitutional right to the effective assistance of counsel during state post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 554 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 430 (9th Cir. 1993). As a result, the general rule is that any errors of counsel during a post-conviction action cannot serve as a basis for cause to excuse a procedural default. *Coleman*, 501 U.S. at 752.

However, the Supreme Court established an exception to that general rule in *Martinez v. Ryan*, 566 U.S. 1 (2012). *Martinez* held that, in limited circumstances, "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id.* at 9. The Supreme Court has described and clarified the *Martinez* cause and prejudice test as consisting of four necessary prongs: (1) the underlying IAC claim must be a "substantial" claim; (2) the "cause" for the procedural default consists of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" collateral review proceeding where the IAC claim could have been brought; and (4) state law requires that an IAC claim be raised in an initial-review collateral proceeding, or by "design and operation" such claims must be raised that way, rather than on direct appeal. *Trevino v. Thaler*, 569 U.S. 413, 423, 429 (2013).

If a petitioner cannot show cause and prejudice for his procedural default, he still can bring the claim in a federal habeas petition if he demonstrates that failure to consider

the claim will result in a "fundamental miscarriage of justice." *Carrier*, 477 U.S. at 496.

This standard requires proof that a constitutional violation has probably resulted in the

conviction of someone who is actually innocent. *Id.* Actual innocence in this context

"means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523

U.S. 614, 623 (1998).

### C.    Statute of Limitations

The Antiterrorism and Effective Death Penalty Act ("AEDPA") requires a

petitioner to seek federal habeas corpus relief within one year from "the date on which

the judgment became final by the conclusion of direct review or the expiration of the time

for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Timeliness is determined on a

claim-by-claim basis, rather than giving the petition as a whole a single limitations

period. *Mardesich v. Cate*, 668 F.3d 1164, 1171 (9th Cir. 2012) ("Therefore, we hold that

AEDPA's one-year statute of limitations in § 2244(d)(1) applies to each claim in a habeas

application on an individual basis.").

The one-year statute of limitations can be tolled (or paused) under certain

circumstances. AEDPA provides for tolling for all of "[t]he time during which a properly

filed application for State post-conviction or other collateral review ... is pending." 28

U.S.C. § 2244(d)(2). Because statutory tolling applies only to "properly filed" post-

conviction actions, if a petitioner files an untimely state post-conviction petition—or one

that is procedurally improper for another reason—then that action cannot toll the federal

limitations period. *See Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005). Once the federal

statute of limitations has expired, it cannot be reinstated or resurrected by a later-filed

state court action. *See Ferguson v. Palmateer*, 321 F.3d 820, 822 (9th Cir. 2003)

("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has

ended before the state petition was filed").

The statute of limitations can also be equitably tolled under exceptional

circumstances. "[A] petitioner is entitled to equitable tolling only if he shows (1) that he

has been pursuing his rights diligently, and (2) that some extraordinary circumstance

stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649

(2010) (internal quotation marks omitted). In addition, like procedural default, AEDPA's

statute of limitations is subject to an actual innocence exception, and a petitioner who

satisfies the actual innocence gateway standard may have his otherwise time-barred

claims heard on the merits. *McQuiggin v. Perkins*, 569 U.S. 383, 393–94 (2013); *Lee v.*

*Lampert*, 653 F.3d 929, 937 (9th Cir. 2011) (en banc).

## REQUEST FOR APPOINTMENT OF COUNSEL

Petitioner has requested appointment of counsel. *Pet*. at 10. There is no

constitutional right to counsel in a habeas corpus action. *Coleman*, 501 U.S. at 755. A

habeas petitioner has a right to counsel, as provided by rule, if an evidentiary hearing is

required in the case. *See* Habeas Rule 8(c). In addition, the Court may exercise its

discretion to appoint counsel for an indigent petitioner in any case where required by the

interests of justice. 28 U.S.C. § 2254(h); 18 U.S.C. § 3006A(a)(2)(B). Whether counsel

should be appointed turns on the petitioner's ability to articulate the claims in light of the

complexity of the legal issues and the petitioner's likelihood of success on the merits. *See*

*Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (per curiam).

At this point, the Court concludes that, based on the evidence currently in the record (Dkt. 3), it is unlikely that Petitioner will be able to meet the strict standards of 28 U.S.C. § 2254(d) for issuance of a writ of habeas corpus. Therefore, at this time the Court will deny the request for appointment of counsel without prejudice. The Court will notify the parties if it determines, at a later date, that appointment of counsel may be appropriate.

## ORDER

**IT IS ORDERED:**

1.  Petitioner's Application to Proceed in Forma Pauperis (Dkt. 1) is GRANTED. Petitioner must pay the $5.00 filing fee when Petitioner next receives funds in Petitioner's prison trust account.

2.  Petitioner's request for appointment of counsel (contained in the Petition) is DENIED without prejudice.

3.  The Clerk of Court will serve (via ECF) a copy of the Petition (Dkt. 3), along with any attachments, together with a copy of this Order, on L. LaMont Anderson, on behalf of Respondent, at Mr. Anderson's registered ECF address.

4.  Within 120 days after service of the Petition, Respondent may file either of the following: (1) a motion for summary dismissal or partial summary dismissal on procedural grounds (which may be followed by an answer if the motion is unsuccessful); or (2) an answer and brief, on the claims that were adjudicated on the merits by the Idaho Supreme Court, that also

includes a brief summary (between one paragraph and several pages) of any

procedural defenses for any claims (which may be argued in the

alternative). If Respondent files an answer and brief, the Court first may

consider the claims that were adjudicated on the merits by the Idaho

Supreme Court; for any claims that appear to warrant relief or any claims

not disposed of on the merits that appear subject to procedural defenses, the

Court may then determine whether those claims are barred by any

procedural defenses and will call for additional briefing, evidence, or a

hearing, if necessary.

5.     Respondent must file with the responsive pleading or motion, or within a

reasonable time thereafter, a copy of all portions of the state court record

previously transcribed that are relevant to a determination of the issues

presented. Any presentence investigation reports or evaluations—which

must be provided to the Court if the petition contains any sentencing

claims—must be filed under seal. The lodging of the remainder of the state

court record, to the extent that it is lodged in paper format, is exempt from

the redaction requirements, as provided in District of Idaho Local Civil

Rule 5.5(c).

6.     If the response to the habeas petition is an answer, Petitioner must file a

reply (formerly called a traverse), containing a brief rebutting Respondent's

answer and brief, which must be filed and served within 28 days after

service of the answer and brief. Respondent has the option of filing a sur-

reply within 14 days after service of the reply. At that point, the case will be deemed ready for a final decision.

7.    If the response to the habeas petition is a motion, Petitioner's response must be filed and served within 28 days after service of the motion, and Respondent's reply, if any, must be filed and served within 14 days thereafter.

8.    In the response to the habeas petition, whether a motion or an answer and brief, Respondent must include citations to all portions of the state court record that support Respondent's assertions. Although Respondent may include citations to a state appellate court decision that describes events that took place in a lower court, Respondent must also include citations to the underlying lower court record.

9.    Alternatively, if any of Petitioner's claims are currently under consideration in state court proceedings, Respondent (or Petitioner, for that matter) may file a motion to stay this case pending the outcome of those proceedings. *See Rhines v. Weber*, 544 U.S. 269, 277–78 (2005); *Mena v. Long*, 813 F.3d 907, 908 (9th Cir. 2016).

10.    No party may file supplemental responses, replies, affidavits, or other documents not expressly authorized by the Local Rules or by this Order without first obtaining leave of Court.

11.    No discovery may be undertaken in this matter unless a party obtains prior leave of Court, pursuant to Rule 6 of the Habeas Rules.

12.    The parties may, but need not, file the following in this matter: (1) notices

of non-objections to motions to which they do not object; (2) responses to

motions for appointment of counsel; (3) responses to motions that are

meritless, frivolous, or filed in contravention of this Order; or (4) notices of

intent not to file a reply. If additional briefing is required on any issue, the

Court will order it.

13.    Each party must ensure that all documents filed with the Court are

simultaneously served via the ECF system or by first-class mail upon the

opposing party (through counsel if the party has counsel), pursuant to

Federal Rule of Civil Procedure 5. Each party must sign and attach a proper

mailing certificate to each document filed with the court, showing the

manner of service, date of service, address of service, and name of the

person upon whom service was made, or as specified by the applicable ECF

rules. The Court will not consider ex parte requests unless a motion may be

heard ex parte according to the rules and the motion is clearly identified as

requesting an ex parte order, pursuant to Local Rule 7.2. ("Ex parte" means

that a party has provided a document to the court, but that the party did not

provide a copy of the document to the other party to the litigation.)

14.    All Court filings requesting relief or requesting that the Court make a ruling

or take an action of any kind must be in the form of a pleading or motion,

with an appropriate caption designating the name of the pleading or motion,

served on all parties to the litigation, pursuant to Federal Rules of Civil

INITIAL REVIEW ORDER - 13

Procedure 7, 10 and 11, and Local Rules 5.2 and 7.1. The Court will not

consider requests made in the form of letters.

15.     Petitioner must at all times keep the Court and Respondent advised of any

change in address.

16.     If Petitioner's custodian changes at any point during this litigation,

Petitioner must file a Notice of Substitution of Respondent, within 28 days

of such change, identifying the person who is substituted as Respondent.

*See* Fed. R. Civ. P. 25(d); Habeas Rule 2(a).

DATED: December 20, 2021

Honorable Candy W. Dale
Chief U.S. Magistrate Judge

INITIAL REVIEW ORDER - 14